NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUQUAN TYRONE ELLISON, | Civil Action No. 18-16200 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| OLIVIA SMITH, et al., | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint, (ECF No. 1), and application to proceed *in forma pauperis*, (ECF No. 1-2), of *pro se* Plaintiff Fuquan Tyrone Ellison. Plaintiff is currently detained at the Special Treatment Unit in Avenel, New Jersey. (ECF No. 1-2 ¶ 3). Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. As the Court is granting Plaintiff *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint with prejudice in its entirety.

## I. BACKGROUND

In his complaint, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against the public defender who represented him in criminal proceedings in 2010 and various supervisory attorneys in the New Jersey Office of the Public Defender who he believes failed to ensure that he

1

received a proper criminal defense in those proceedings. (ECF No. 1 at 2–10). Specifically, Plaintiff alleges that his public defender failed to inform him that a guilty plea could result in eventual civil commitment under New Jersey's Sexually Violent Predator Act, that he pled guilty because of this allegedly faulty advice, and that he was eventually so committed upon his release from prison. (*Id.*). Plaintiff further alleges that his conviction was itself overturned in April 2015 based on counsel's alleged ineffectiveness. (*Id.* at 9). Plaintiff therefore alleges that Defendants should be liable to him under § 1983 based on their alleged constitutional ineffectiveness in serving as his criminal counsel. (*Id.* at 2–9).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

2

factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff seeks to bring claims against various public defenders employed by the state of New Jersey for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff alleges that he received ineffective assistance of counsel

---

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

in relation to a guilty plea entered in 2010, and that this ineffective assistance on the part of various public defender employees violated his rights.

Plaintiff's claims suffer from a fatal flaw – all of the Defendants he names are public defenders or supervisors in the Office of the Public Defender who allegedly violated his rights when acting as his counsel or supervising his counsel in a criminal proceeding. Criminal defense attorneys, including "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pa.*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n.7 (3d Cir. 1992)). Defense attorneys employed by the state government, such as the public defender officials sued in this matter, enjoy this immunity because defense counsel "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). As all of the Defendants named in this matter are attorneys in the public defender's office sued based on their actions in relations to the office's defense of Plaintiff in his criminal proceedings, they are all absolutely immune from suit under § 1983. *Id.* Plaintiff's claims against them must therefore be dismissed with prejudice.[2]

---

2 Although the immunity of all named Defendants is sufficient to dispose of this matter, the Court also notes that Plaintiff's complaint suffers from another defect – his claims are most likely time barred. Claims brought pursuant to § 1983 are subject to a two year statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). At the latest, Plaintiff's current claim – based on counsel's ineffective assistance of counsel – would have accrued when his conviction was apparently overturned in April 2015. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (§ 1983 claim arising out of allegedly wrongful conviction or sentence accrues when the conviction or sentence is overturned). Plaintiff did not file this matter until November 2018, three and a half years later. Absent some basis for equitable tolling, Plaintiff's claims would thus be clearly time barred. Because this Court is dismissing Plaintiff's complaint with prejudice because all of the named Defendants are immune, this Court need not and does not address the equitable tolling issue at this time.

4

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint shall be DISMISSED WITH PREJUDICE in its entirety. An appropriate Order follows this Opinion.

Dated: November 28th, 2018.

**JOSE L. LINARES**
Chief Judge, United States District Court